## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Criminal Case No. |
| v. | |
| | VIOLATION: |
| **JAMES B. CONNELLY, JR.,** | 18 U.S.C. § 1343 (Wire Fraud), |
| Defendant. | 18 U.S.C. § 981(a)(1)(C); |
| | 28 U.S.C. § 2461(c); |
| | 21 U.S.C. § 853(p) |
| | Criminal Forfeiture |

## INFORMATION

The United States Attorney charges that:

### COUNT ONE
(Wire Fraud)

### INTRODUCTION

At all times relevant to this Information:

1. Company A was a software development firm specializing in geographic information systems, primarily serving government and military customers. The company was located in Washington, D.C.

2. From approximately February 2003 until September 2013, defendant **JAMES CONNELLY, JR. ("CONNELLY")** was the co-founder and Chief Operations Officer of Company A.

3. Defendant **CONNELLY** as Chief Operations Officer ran the day-to-day operations of Company A, which included managing projects, making deposits, paying all invoices, maintaining employee personnel files, controlling employee direct deposit payroll payments, and

making federal and state tax payments. Defendant **CONNELLY** initially received his salary as an independent contractor, but in 2005, he set his annual salary at $90,000.

## THE SCHEME

4.  Beginning in or about January 2010 and continuing until in or about September 2013, defendant **CONNELLY** devised and intended to devise a scheme to defraud Company A, and to obtain Company A's money and property, by means of materially false and fraudulent pretenses, representations, and promises in the approximate amount of $209,880.

## MANNER AND MEANS

5.  It was part of the scheme to defraud that defendant **CONNELLY** embezzled approximately $209,880 from Company A. Defendant **CONNELLY** used the following manner and means to execute the scheme to defraud Company A: writing checks to himself and signing the name of Company A's Chief Executive Officer ("CEO") name for fraudulent reimbursements; writing checks to himself and signing the CEO's name for defendant's personal expenses; and writing a check from Company A's account to the Internal Revenue Service to pay defendant's personal tax debt.

6.  It was part of the scheme to defraud that defendant **CONNELLY** was able to conceal his embezzlement and fraud from Company A in substantial part because of his employment position as Chief Operations Officer, which authorized him to handle the payroll and accounts payable, thereby creating a mechanism which he was able to exploit for his own purposes and financial benefit.

## EXECUTION OF THE SCHEME

7. It was further part of the scheme and artifice to defraud that defendant **CONNELLY** caused a total of $209, 880, in money belonging to Company A to be transmitted by means of wire communication in interstate commerce the following signals and sounds from Company A's bank account to defendant CONNELLY'S personal bank account by depositing funds drawn from Company A's account to his own personal bank account. During the relevant period while serving as Chief Operations Officer for Company A and in his capacity as a signatory on Company A's account, defendant CONNELLY wrote 45 checks payable to himself for his personal use and benefit.

**(In violation of Title 18, United States Code, Section 1343)**

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendant in the amount of $209,880.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without

difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture,** pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United Sates Code, Section 2461(c), and Title 21, United States Code, Section 853(p))

Respectfully submitted,

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY

By: _____
Teresa A. Howie
Assistant United States Attorney
555 4th Street, NW, Rm. 5824
Washington, D.C. 20530
(202) 252-6965
teresa.howie@usdoj.gov